IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DUNKIN' DONUTS INCORPORATED,
a Delaware corporation, and DUNKIN'
DONUTS USA, INC., a Michigan corporation,

       Plaintiffs/Counterdefendants,

vs.                                    Civ. No. 03-925 JP/RLP

SHARIF, INC., a New Mexico corporation,
RAHIM SHARIF and ANISA SHARIF,
husband and wife,

       Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

On August 7, 2003, the Plaintiffs/Counterdefendants (Plaintiffs) filed an Application for Preliminary Injunction (Doc. No. 2). The Application for Preliminary Injunction was fully briefed by October 10, 2003 when the Plaintiffs filed their Reply to Response to Application for Preliminary Injunction (Doc. No. 13). Plaintiffs' reply included the declarations of Keith Bakker and Allen White as well as the affidavit of Gary Zullig. On October 27, 2003, the Defendants/Counterclaimants (Defendants) filed Defendants' Motion to Strike (Doc. No. 16) in which they ask the Court to strike the declarations of Mr. Bakker and Mr. White, and Mr. Zullig's affidavit.

The Defendants brought their motion to strike under Fed. R. Civ. P. 12(f). Rule 12(f) permits the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) does not apply to the striking of affidavits or declarations. *See* Wright & Miller, *Federal Practice and Procedure: Civil 2d* §1380 at 644 (1990).

In Defendants' Reply to Response to Motion to Strike (Doc. No. 18), filed November 10, 2003, the Defendants request, in the alternative, that the Court characterize their motion to strike as simply containing objections to the declarations of Mr. Bakker and Mr. White, and Mr. Zullig's affidavit.  Furthermore, the Defendants ask that the Court consider the exhibits attached to the Defendants' reply in deciding the Plaintiffs' Application for Preliminary Injunction, if the Court does not strike the declarations of Mr. Bakker and Mr. White, and Mr. Zullig's affidavit.

The Court will indulge the Defendants by viewing the Defendants' Motion to Strike as containing objections.  First, the Defendants object to the declarations of Mr. Bakker and Mr. White, and Mr. Zullig's affidavit because they contain inadmissible hearsay.  Specifically, the Defendants argue that the Plaintiffs have failed to allege that Mr. Bakker, Mr. White, and Mr. Zullig are unavailable for cross-examination by the Defendants prior to a determination of the Plaintiffs' Application for Preliminary Injunction.  Contrary to the Defendants' argument, "[a]ffidavits are appropriate on a preliminary injunction motion and typically will be offered by both parties."  Wright & Miller, *Federal Practice and Procedure:  Civil 2d* §2949 at 214-15 (1990).  Moreover, "affidavits usually are accepted on a preliminary injunction motion without regard to the strict standards of Rule 56(e), and that hearsay evidence also may be considered." *Id*. at 217.

The Defendants cite to *Industrial Electronics Corp. v. Cline*, 330 F.2d 480, 483 (3d Cir. 1964)(quoted in Wright & Miller, *Federal Practice and Procedure:  Civil 2d* §2949 at 224 (1990)) for the proposition that if affidavits relate to disputed factual issues the court should not accept the affidavits in lieu of oral testimony in deciding the motion for preliminary injunction.  This, however, is not the ususal procedure.  "[T]he usual procedure is to accept the affidavits and

then deny the motion if the applicant fails to meet his burden...." Wright & Miller, *Federal Practice and Procedure: Civil 2d* §2949 at 224 (1990). *Industrial Electronics Corp.* "merely illustrates the strong preference <u>some</u> courts have for oral evidence." *Id*. (emphasis added). The declarations of Mr. Bakker and White, and Mr. Zullig's affidavit will not be stricken based on Defendants' hearsay objection.

Second, the Defendants object to the fact that the declarations of Mr. Bakker and Mr. White are not sworn declarations. 28 U.S.C. §1746 allows unsworn declarations if they are made under penalty of perjury. That is the case here. The declarations of Mr. Bakker and Mr. White will not be stricken based on this objection.

The Court concludes that the Defendants' Motion to Strike should be denied. The Court will, however, consider the exhibits attached to the Defendants' Reply to Response to Motion to Strike (Doc. No. 18) in deciding the Plaintiffs' Application for Preliminary Injunction.

IT IS ORDERED that:

1. Defendants' Motion to Strike (Doc. No. 16) is denied; and

2. the Court will consider the exhibits attached to the Defendants' Reply to Response to Motion to Strike (Doc. No. 18) in deciding the Plaintiffs' Application for Preliminary Injunction.

_____
SENIOR UNITED STATES DISTRICT JUDGE