IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DUNKIN' DONUTS INCORPORATED,
a Delaware corporation, DUNKIN' DONUTS
USA, INC., a Michigan corporation,

    Plaintiffs/Counterdefendants,

vs.  Civ. No. 03-925 JP/RLP

SHARIF, INC., a New Mexico corporation,
RAHIM SHARIF and ANISA SHARIF,
husband and wife,

    Defendants/Counterclaimants.

MEMORANDUM OPINION AND ORDER

On November 20, 2003, the Court issued a preliminary injunction immediately enjoining the Defendants/Counterclaimants (Defendants) from further use of Dunkin' Donuts' trademarks, proprietary marks, system, and operating manuals, and from competing in any business which sells products of the type offered by Dunkin' Donuts Shops.  Preliminary Injunction and Order to Show Cause (Doc. No. 21).  Also on November 20, 2003, the Court ordered the Defendants to show cause why the preliminary injunction should not be made a permanent injunction and the Court set a hearing on the order to show cause.  *Id*.  The Court held the hearing on the order to show cause on December 4, 2003.  Charles Wirken and Larry Montaño, attorneys for the Plaintiffs/Counterdefendants (Plaintiffs), were present at the hearing. Gary Zullig and Allen White, Dunkin' Donuts employees, represented the Plaintiffs at the hearing.  Timothy Holloran, the Defendants' attorney, was present at the hearing as were Defendants Rahim and Anisa Sharif.

Having reviewed Defendants [sic] Response to Order to Show Cause Why Permanent Injunction Should Not be Granted (Doc. No. 22), filed December 4, 2003, and Defendants'

Memorandum in Support of Defendants' Response to Order to Show Cause Why Permanent Injunction Should Not be Granted (Doc. No. 23), filed December 4, 2003, and having heard counsels' oral argument at the December 4, 2003 hearing, the Court finds that the Defendants have not shown cause why the preliminary injunction should not be made a permanent injunction.

The standard for determining whether a permanent injunction should issue is essentially the same as the standard for a preliminary injunction, except that the Court determines the movant's actual success on the merits rather than the movant's likelihood of success on the merits. *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987)(citation omitted). In addition to showing the movant's success on the merits, the movant must establish that: (1) he or she will suffer irreparable injury unless an injunction is issued; (2) his or her threatened injury outweighs any harm the proposed injunction may cause to the opposing party; and (3) an injunction would not be adverse to the public interest. *Fisher v. Oklahoma Health Care Authority*, 335 F.3d 1175, 1180 (10th Cir. 2003). For the reasons stated in the November 20, 2003 Memorandum Opinion and Order (Doc. No. 20) as well as the reasons articulated by Plaintiffs' counsel at the December 4, 2003 hearing, the Court finds that the Plaintiffs have established actual success on the merits, irreparable injury, that the Plaintiffs' injury outweighs any injury the Defendants may suffer as a result of the permanent injunction, and the permanent injunction would not be adverse to the public interest. The Court will, therefore, issue a permanent injunction. The issuance of a permanent injunction, however, will not affect the Defendants' ability to pursue their counterclaims against the Plaintiffs.

The Defendants requested at the December 4, 2003 hearing that the Plaintiffs post a bond under Fed. R. Civ. P. 65(c) if the Court decided to issue a permanent injunction. The Court notes

that the Defendants did not request a bond in their response to the Plaintiffs' Application for Preliminary Injunction. Moreover, the language of Rule 65(c) does not include permanent injunctions and so does not apply to permanent injunctions. *See, e.g., Forest Park II v. Hadley*, 336 F.3d 724, 734 (8th Cir. 2003). Finally, even if Rule 65(c) applies to permanent injunctions, the Court exercises it discretion in denying the Defendants' request for a bond as unnecessary considering the solvent state of the Plaintiffs. *See Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003).

    IT IS ORDERED that:

    1. a permanent injunction will issue which immediately enjoins the Defendants from further use of Dunkin' Donuts' trademarks, proprietary marks, system, and operating manuals, and as provided in the 1986 Franchise Agreement, from competing in any business which sells products of the type offered by Dunkin' Donuts shops; and

    2. Defendants' request that the Plaintiffs' post a bond under Rule 65(c) is denied.

                                               /s/ James A. Parker
                                 SENIOR UNITED STATES DISTRICT JUDGE