IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DUNKIN' DONUTS INCORPORATED,
a Delaware corporation, and DUNKIN' DONUTS
USA, INC., a Michigan corporation,

      Plaintiffs,

vs.                                                                                    Civ. No. 03-925 JP/RLP

SHARIF, INC., a New Mexico corporation,
RAHIM SHARIF and ANISA SHARIF,
husband and wife,

      Defendants.

MEMORANDUM OPINION AND ORDER

On February 3, 2003, the Defendants filed Defendants/Counterclaimants [sic] Motion for Order Granting Leave to Amend to Join Third Party Defendants (Doc. No. 29).[1]  Having reviewed the briefs and relevant law, the Court finds that the Defendants' motion seeking permission to file a third party complaint should be denied.

A.  Background

This lawsuit is based on the following undisputed facts:  1) Defendant Sharif, Inc. defaulted on its Dunkin' Donuts Franchise and Branded Products Agreements; 2) Defendant Sharif, Inc. defaulted on its October 11, 2001 promissory note to the Plaintiffs; 3) after the Plaintiffs terminated the Franchise Agreement on July 8, 2003, Defendant Sharif, Inc. continued to operate its shop as a Dunkin' Donuts shop; and 4) Defendant Sharif, Inc. failed to abide by the post-termination obligations under the Franchise Agreement.  On August 7, 2003, the Plaintiffs

_____

[1]On May 26, 2004, the Court dismissed the Defendants' counterclaims with prejudice. Partial Summary Judgment (Doc. No. 47).

filed this lawsuit alleging trademark infringement and unfair competition under the Lanham Act

(Counts One and Two); breach of the Franchise Agreement's post-termination covenant against

competition (Count Three); breach of the provisions of the Franchise and Branded Products

Agreements requiring Defendant Sharif, Inc. to pay franchise fees, branded products fees, and

advertising fees (Count Four); and breach of the October 11, 2001 promissory note (Count Five).

On November 20, 2003, the Court issued a preliminary injunction which immediately

enjoined the Defendants from further use of Dunkin' Donuts' trademarks, proprietary marks,

system, and operating manuals, and from competing in any business which sells products of the

type offered by Dunkin' Donuts shops.  Preliminary Injunction and Order to Show Cause (Doc.

No. 21).  The Court made the preliminary injunction permanent on December 10, 2003.

Permanent Injunction (Doc. No. 26).  On May 26, 2004, the Court granted the Plaintiffs summary

judgment on Counts Four and Five of the Complaint, and dismissed the Defendants'

counterclaims with prejudice.  Partial Summary Judgment (Doc. No. 47).  Accordingly, the only

remaining unadjudicated claims are the Plaintiffs' monetary claims under Counts One and Two of

the Complaint for alleged Lanham Act violations.

The Defendants assert that on June 25, 2003 Razzak Gauba agreed to 1) purchase

Defendant Sharif, Inc.'s Dunkin' Donuts franchise interest for $90,000; 2) assume Defendant

Sharif, Inc.'s debt under the October 11, 2001 promissory note; and 3) pay that debt at closing.

Although Mr. Gauba subsequently told Plaintiffs that he was no longer interested in acquiring

Defendant Sharif, Inc.'s franchise interest, Mr. Gauba, nonetheless, assured the Defendants that

he was still interested in acquiring the franchise interest.  The transfer of Defendant Sharif, Inc.'s

franchise interest to Mr. Gauba never materialized. The Defendants now request under Fed. R.

Civ. P. 14(a), 19(a), and 20(a) to be allowed to file a third party complaint against Mr. Gauba and

his corporation, Memon, Inc., (Third Party Defendants) for bad faith breach of contract and

breach of the implied covenant of good faith and fair dealing.

B.  Discussion

   1.  Rule 14(a):  Impleading Third Party Defendants

   Rule 14(a) provides that

   > At any time after commencement of the action a defending party, as a third-party plaintiff,
   > may cause a summons and complaint to be served upon a person not a party to the action
   > who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim
   > against the third-party plaintiff.

Impleader is proper under Rule 14(a) "only where the third-party defendant's liability is 'in some

way derivative of the outcome of the main claim.'"  *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498

(10th Cir. 1983)(quoting *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir.

1967)).  "The purpose of rule 14 is to 'accomplish in one proceeding the adjudication of the rights

of all persons concerned in the controversy and to prevent the necessity of trying several related

claims in different lawsuits.'"  *Id*. (quoting *Goodrich v. Burlington Northern R. Co.*, 701 F.2d

129, 130 (10th Cir. 1983)).

   In this case, the Defendants argue that if the Third Party Defendants breached the June 25,

2003 agreement by failing to assume Defendant Sharif, Inc.'s debt under the October 31, 2001

promissory note, then the Third Party Defendants "may be required to indemnify Third-Party

Plaintiffs for debts owed by Third Party Plaintiffs to Plaintiffs as set forth in Plaintiffs' Complaint

for damages previously filed with this Court on August 7, 2003."  Reply (Doc. No.38) at

unnumbered pg. 2, filed Feb. 27, 2004.  This argument, however, is without merit.  In ruling on

the Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 31), the Court determined that

the Plaintiffs were justified in not approving the June 25, 2003 agreement to sell Defendant Sharif,

Inc.'s franchise interest to Mr. Gauba.  Since the Plaintiffs were justified in not approving the June

25, 2003 agreement, the issue of whether the Third Party Defendants should have later assumed

at least a portion of Defendant Sharif, Inc.'s debt to the Plaintiffs under the June 25, 2003

agreement is irrelevant to the Plaintiffs' default claims.  Consequently, the Third Party

Defendants' alleged liability to the Defendants for breach of the June 25, 2003 agreement is not

derivative of the outcome of the Plaintiffs' default claims.  In addition, there is no argument or

evidence that the Third Party Defendants would be liable to the Defendants for any of the alleged

Lanham Act violations.  Rule 14(a) is, therefore, not a basis for allowing the Defendants to file a

third party complaint.

      2.  Rules 19(a) and 20(a):  Joinder of Persons

Rule 19(a) allows for the compulsory joinder of a person as a plaintiff, defendant, or

involuntary plaintiff.  Rule 20(a) allows for the permissive joinder of a person as a plaintiff or

defendant. The language in Rules 19(a) and 20(a) does not encompass the joinder of third party

defendants.  *See Mennen Co. v. Atlantic Mut. Ins. Co.*, 1996 WL 257147 *5 (D.N.J.), *aff'd*, 147

F.3d 287 (3rd Cir. 1998).  Moreover, using Rules 19(a) and 20(a) "for impleader purposes would

undermine the system of impleader set forth in Federal Rule of Civil Procedure 14(a)." *Id*.  Rules

19(a) and 20(a) are, therefore, inapplicable to the Defendants' request to file a third party

complaint.

IT IS ORDERED that Defendants/Counterclaimants [sic] Motion for Order Granting

Leave to Amend to Join Third Party Defendants (Doc. No. 29) is denied.


_____
SENIOR UNITED STATES DISTRICT JUDGE